In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-464 CV


____________________



MADISONVILLE STATE BANK, N.A., Appellant



V.



CITIZENS BANK OF TEXAS, N.A., WELLS FARGO BANK, TEXAS, N.A.,


AND WELLS FARGO BANK, OHIO, N.A., Appellees






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 04-01-00024-CV






OPINION



 Appellant Madisonville State Bank, N.A. ("MSB"), appeals from the denial of its
motion for summary judgment against appellees Citizens Bank of Texas, N.A., Wells
Fargo Bank, Texas, N.A., and Wells Fargo Bank, Ohio, N.A., (1) and the granting of partial
summary judgments (2) in favor of appellees. We affirm.

Background


 Appellee Citizens Bank of Texas ("Citizens Bank") sued Pate & Pate Enterprises,
Inc. ("Enterprises"), Pate & Pate, L.L.C.("LLC"), Pate Brothers Construction, Inc.
("PBC"), (3) Stephen V. Pate, Wells Fargo Bank, Texas, N.A., and Wells Fargo Bank,
Ohio, N.A. for an alleged check-kiting scheme. MSB intervened in the case.

 Enterprises and PBC are construction contractors, and Stephen Pate is the chief
operating officer for both companies. Enterprises and PBC maintained depository accounts
at Citizens Bank, while Enterprises and LLC maintained depository accounts at Wells
Fargo Texas and Wells Fargo Ohio. Enterprises' principal operating accounts were at the
Wells Fargo Banks and PBC's principal operating account was at Citizens Bank. 

 Enterprises used its Citizens Bank account to hold funds with which to purchase
cashier's checks from Citizens Bank, and Enterprises would use the purchased cashier's
checks to bid on large construction projects. Enterprises also wrote checks on its Wells
Fargo Ohio account and deposited them into its account at Citizens Bank. Enterprises
began to exceed its limit on issuance of cashier's checks on uncollected funds. Citizens
Bank then contacted its correspondent bank, Wells Fargo Texas, to determine whether
there were problems with Enterprises' account and to express concern with the delay in
credit for checks written on the Wells Fargo Ohio account. Wells Fargo became
suspicious that Pate entities were involved in a check-kiting scheme, so it placed a hold on
Enterprises' and LLC's accounts. Wells Fargo returned approximately $8,000,000 in
checks written on the Wells Fargo account, and Citizens Bank returned checks in the
amount of $2,700,000 to Wells Fargo. These transactions created a deficit of over five
million dollars at Citizens Bank.

The Litigation


 Citizens Bank sued the Pate entities and Wells Fargo, alleging breach of depository
agreement, untimely notice of nonpayment and late returns of checks, misrepresentation,
negligence, breach of duty of good faith, and breach of warranty of presentment. In a
separate action, Citizens Bank filed an application for prejudgment writ of garnishment
against Wells Fargo Bank, Texas, N.A. and Wells Fargo Bank, Ohio, N.A. Citizens Bank
and Wells Fargo subsequently entered into a Rule 11 agreement and an agreed order,
pursuant to which Wells Fargo applied $167,906.33 from Enterprises' operating account
to offset Enterprises' debt to Wells Fargo and released $892,333.39 to Citizens Bank from
the same account. 

 MSB, which had extended Enterprises an $8,000,000 line of credit, intervened in
the garnishment action. MSB claimed that pursuant to a security agreement executed when
the line of credit was extended, it possessed a superior security interest in "among other
things, all of Enterprises' accounts receivable, instruments, inventory, chattel paper,
documents, equipment, and their proceeds." The trial court consolidated the garnishment
action with the original suit, but severed MSB's claims. MSB filed a traditional motion
for summary judgment, in which it alleged there were no genuine issues of material fact. 
In its motion, MSB sought to recover $892,333.39 from Citizens Bank and $167,906.33
from Wells Fargo based upon its allegedly superior security interest in the funds. 

 Citizens Bank filed a traditional and no-evidence motion for partial summary
judgment, alleging MSB did not have a security interest in Enterprises' deposit account at
Wells Fargo. Citizens Bank also contended MSB did not have a security interest in
Enterprises' instruments. Citizens Bank alleged MSB had no evidence the funds paid to
Citizens Bank were the proceeds of Enterprises' accounts. Citizens Bank further asserted
MSB did not exercise control over its alleged collateral and therefore waived any rights
to the funds paid to Citizens Bank. Lastly, Citizens Bank argued it was the legitimate
transferee of the funds and took them free of MSB's alleged security interest. 

 Wells Fargo filed a traditional and no-evidence motion for partial summary
judgment, in which it asserted it had a contractual right of set-off against Enterprises'
deposit account, regardless of whether the debt was matured or unmatured. Wells Fargo
further asserted MSB did not have a perfected security interest in Enterprises' account at
Wells Fargo because MSB did not maintain the account and MSB has no evidence the
funds offset by Wells Fargo were proceeds of Enterprises' accounts. Wells Fargo also
alleged that its perfected security interest takes priority over MSB's perfected security
interest in identifiable proceeds, and that MSB did not exercise control over its alleged
collateral, so it waived any rights to the funds offset by Wells Fargo. In addition, Wells
Fargo contended it was the legitimate transferee and took the funds free of MSB's alleged
security interest. Finally, Wells Fargo argued that MSB's claim of equitable estoppel fails
because there was no fiduciary relationship between Wells Fargo and MSB and, hence, no
duty to disclose.

 The trial court granted the motions for partial summary judgment filed by Citizens
Bank and Wells Fargo and denied MSB's motion for summary judgment. MSB then filed
this appeal, in which it raises five issues for our consideration. 

MSB's Second and Fifth Issues


 We address MSB's second and fifth issues first. In these issues, MSB contends the
trial court erred in granting the motions for partial summary judgment filed by Citizens
Bank and Wells Fargo. We review the trial court's granting of no-evidence motions for
partial summary judgment under the standards set forth in Rule 166a(i). See Tex. R. Civ.
P. 166a(i). To defeat a no-evidence summary judgment motion, the non-movant must
produce summary judgment evidence raising a genuine issue of material fact regarding
each element challenged by the movant. Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
600 (Tex. 2004). The non-movant raises a genuine issue of material fact by producing
"more than a scintilla of evidence" establishing the challenged element's existence. Id.
at 600-01; Forbes Inc. v. Granada Biosciences, 124 S.W.3d 167, 172 (Tex. 2003). More
than a scintilla of evidence exists when the evidence is such that reasonable and fair-minded people can differ in their conclusions. Ridgway, 135 S.W.3d at 601. If "the
evidence offered to prove a vital fact is so weak as to do no more than create a mere
surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal
effect, is no evidence." Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983)). 

 In determining whether the non-movant has produced more than a scintilla of
evidence, we view the evidence in the light most favorable to the non-movant and
disregard all contrary evidence and inferences. Id. at 601; King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 750-51 (Tex. 2003). When, as in this case, the trial court granted
summary judgment without specifying the grounds for doing so, the appellant must show
it is error to base the judgment on any ground asserted in the motion for summary
judgment. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). 

 MSB contends it possesses a security interest in the funds in the deposit account. 
The motions for partial summary judgment filed by Citizens Bank and Wells Fargo both
alleged MSB had no evidence that the funds paid to Citizens Bank and Wells Fargo were
the proceeds of Enterprises' accounts. The security agreement between Enterprises and
MSB provides a security interest for MSB in the collateral, defined as "all of [Enterprises']
accounts, inventory, chattel paper, documents and equipment without limitation." The
security agreement defines "collateral" as "[a]ll proceeds . . . from the sale, destruction,
loss, or other disposition of any of the property described in this Collateral section. . . ." 
"Proceeds" includes 

 (A) whatever is acquired upon the sale, lease, license, exchange, or other
disposition of collateral;

 (B) whatever is collected on, or distributed on account of, collateral;

 (C) rights arising out of collateral. . . .


Tex. Bus. & Com. Code Ann. § 9.102(a)(65) (Vernon Supp. 2005). For MSB's security
interest to extend to the proceeds of collateral, MSB must trace those proceeds to the
original collateral. (4) See Tex. Bus. & Com. Code Ann. § 9.315(b)(2) (Vernon 2002).

 In its response to both motions for partial summary judgment, MSB cited the
testimony of Stephen Pate in support of its contention that the funds distributed to Citizens
Bank and Wells Fargo from the Pate entities' operating account constituted proceeds of the
accounts receivable. When asked to identify the sources of the money deposited into the
operating account, Pate testified, "It would have been various places.... Obviously deposit
moneys that were accounts receivable for the company." When asked whether the
majority of the money came from accounts receivable, Pate testified, "I would assume so." 
When queried about other sources of funds in the account, Pate responded, "I think we
would put any moneys that would have had any kind of relationship with the business of
Pate & Pate Enterprises." Pate testified that money from accounts receivable ("working
and billing people for it") accounted for the vast majority of the Pate entities' income. 
Pate testified that although the Pate entities' primary sources of income were the sale of
equipment or receivables generated, "[t]here have been other sources."

 As an exhibit to its own motion for summary judgment, MSB produced its expert
witness's summary of deposits placed in the Pate entities' operating account during March
2002. The summary showed that deposits totaling $5,305,451.55 were made, with only
$1,303,118.86 of that amount being derived from accounts receivable. 

 The testimony offered by Pate is at best equivocal, and it does not constitute more
than a scintilla of evidence. See Ridgway, 135 S.W.3d at 601. Furthermore, the evidence
presented by MSB's own expert establishes that a large portion of the funds in Enterprises'
operating account was derived from sources other than accounts receivable. Therefore,
MSB failed to produce evidence that the funds that were provided to Citizens Bank and
Wells Fargo from the operating account were proceeds of the accounts receivable. See
Taylor-Made Hose, Inc. v. Wilkerson, 21 S.W.3d 484, 488 (Tex. App.--San Antonio
2000, pet. denied) (Appellate court will affirm a no-evidence summary judgment if there
is no evidence as to the challenged element or the evidence establishes the opposite of the
challenged element.). Issues two and five are overruled.

MSB's First And Fourth Issues


 In issues one and four, MSB contends the trial court erred in denying its traditional
motions for summary judgment against Citizens Bank and Wells Fargo. The movant for
a traditional judgment has the burden to establish that no genuine issues of material fact
exist and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Property Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). All evidence favoring
the non-movant is taken as true and every reasonable inference from the evidence is
indulged in its favor. Nixon, 690 S.W.2d at 548-49.

 We have held that the trial court did not err in granting partial summary judgments
in favor of Citizens Bank and Wells Fargo because MSB produced no evidence that the
funds provided to Citizens Bank and Wells Fargo from the operating account were
proceeds of the Pate entities' accounts receivable. Similarly, because MSB did not
establish its entitlement to judgment as a matter of law, the trial court did not err in
denying MSB's motions for traditional summary judgment against Citizens Bank and Wells
Fargo. See Tex. R. Civ. P. 166a(c); Nixon, 690 S.W.2d at 548. Issues one and four are
overruled.

MSB's Third Issue


 In its third issue, MSB argues the trial court erred in denying its motion for
reconsideration of the order granting Citizens Bank's motion for partial summary judgment
and denying MSB's motion for summary judgment against Citizens Bank. We have held
that the trial court did not err in denying MSB's motion for summary judgment and
granting Citizens Bank's motion for partial summary judgment because MSB failed to
produce evidence tracing the funds in the operating account to the Pate entities' accounts
receivable. Therefore, the trial court did not abuse its discretion by denying a motion to
reconsider its order. MSB's third issue is overruled, and the judgments of the trial court
are affirmed.

 AFFIRMED. 

 


 STEVE McKEITHEN

 Chief Justice




Submitted on October 27, 2005

Opinion Delivered January 19, 2006


Before McKeithen, C.J., Gaultney and Horton, JJ. 
1. We will refer to the two Wells Fargo entities as "Wells Fargo."
2. The judgments are final for purposes of appeal because the trial court entered a
severance order. 
3. We will refer to Enterprises, PBC, and LLC collectively as "the Pate entities."
4. MSB did not assert that the lowest intermediate balance rule or other equitable
principles applied to its tracing of the proceeds in Enterprises' operating account. See
Tex. Bus. & Com. Code Ann. § 9.315 cmt. 3 (Vernon 2002).